CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 27 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CARLENE N. CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 3:11CV00067<br><br>**MEMORANDUM OPINION**<br><br>By:  Honorable Glen E. Conrad<br>       Chief United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Carlene N. Carter, born on July 29, 1980, and eventually completed her high school education. Ms. Carter has worked as a housekeeper, cook, construction helper, and landscaper. She last worked on a regular and sustained basis in 2008. In May of 2009, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. In filing her

claims, Ms. Carter alleged that she became disabled for all forms of substantial gainful employment on December 26, 2007 due to ruptured discs in her back and residuals of corrective surgery. She now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Ms. Carter met the insured status requirements of the Act through the second quarter of 2009, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, Ms. Carter is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before June 30, 2009. See gen., 42 U.S.C. § 423(a).

Plaintiff's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 21, 2010, the Law Judge also determined that Ms. Carter is not disabled. The Law Judge found that plaintiff suffers from degenerative disc disease. Because of this condition, the Law Judge ruled that plaintiff is disabled for all of her past relevant work roles. However, the Law Judge determined that Ms. Carter retains sufficient functional capacity to perform a full range of sedentary work activity. Given a residual functional capacity for sedentary exertion, and after considering plaintiff's age, education, and prior work experience, the Law Judge applied the medical vocational guidelines so as to determine that Ms. Carter retains sufficient functional capacity to perform several, specific sedentary work roles existing in significant number in the national economy. See 20 C.F.R. §§ 404.1569 and 416.969 and Rule 201.28 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. Accordingly, the Law Judge ultimately concluded that Ms. Carter is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision

2

of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Carter has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record confirms that Ms. Carter suffers from back problems. It seems that she injured her back in July of 2007. Based on continuing discomfort and the failure of conservative treatment measures, Ms. Carter underwent diagnostic procedures in February of 2009. She was found to be suffering from multi-level degenerative disc disease with moderate to severe narrowing of the neural foramina and generalized disc bulge at L5-S1 with extrusion and impingement on the left descending nerve root. On May 18, 2009, plaintiff underwent left L4-5 and L5-S1 discectomies. Following a recuperative period, Ms. Carter again complained of persistent leg pain. An MRI on July 13, 2009 demonstrated no evidence of disc recurrence, though there was indication of exuberant scar tissue. A CT myelogram on August 13, 2009 demonstrated no abnormalities except for the scar tissue. While Ms. Carter has continued to complain of discomfort in her lower back and legs, and while she has

undergone physical therapy and epidural steroid injection for relief of her symptoms, all medical examinations conducted following the surgery have been essentially negative for any indication of mechanical defect. Since her surgery, no physician, treating or otherwise, has suggested that Ms. Carter is significantly impaired, or that she is disabled for all forms of work activity. In short, the court believes that there is substantial evidence to support the Law Judge's finding that plaintiff retains sufficient functional capacity for sedentary work. It follows that the Commissioner's final decision is supported by substantial evidence, and that the final decision must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>.

On appeal to this court, plaintiff contends that the Administrative Law Judge erred in discounting her complaints of disabling lower back and leg pain following the surgical procedure. Plaintiff notes that in the months following her surgery, she has sought medical treatment, undergone several diagnostic procedures, participated in physical therapy, and received an epidural steroid injection. Plaintiff contends that her efforts to secure treatment bolster her credibility. Despite plaintiff's arguments, the court must conclude that the Law Judge properly addressed the subjective components of plaintiff's claims for benefits. Once again, it must be noted that no physician has suggested that Ms. Carter is totally disabled for all forms of work. No medical specialist has indicated that plaintiff's objective medical conditions are consistent with her complaints of totally disabling subjective discomfort. Indeed, all of the medical studies following plaintiff's surgical procedure indicate that there has been no recurrence of her mechanical problems, and that the only residual condition consists of scar tissue.

It is well settled that in order for pain to be disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged.

4

Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). In the instant case, the court must conclude that plaintiff's evidence falls short in establishing the existence of a condition which could reasonably cause the level of discomfort described by Ms. Carter in her testimony.

More generally, the court notes that in assessing plaintiff's credibility, and her residual functional capacity, the Administrative Law Judge was able to rely on input from a state agency physician, as well as plaintiff's own testimony in describing her physical activity following her surgery. The Law Judge commented as follows:

> The claimant has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. The record reflects that, shortly after undergoing surgery, the claimant provided care for her grandmother, including lifting her. In function reports, the claimant reported preparing simple meals daily, performing light cleaning and doing laundry. She reported going shopping in stores (Exhibit 13E). This level of functioning is inconsistent with her allegations of complete disability.
>
> The State agency consultants, who are skilled and experienced in reviewing records and assessing the impairments and limitation that are documented in those records, evaluated [] all of the medical evidence and concluded that the claimant was capable of performing a full range of light work (Exhibit 16E). The State agency completed a residual functional capacity assessment limiting the claimant to [] lifting and carrying 20 pounds occasionally and 10 pounds frequently, standing and walking for about 6 hours in an 8-hour workday, and sitting for about 6 hours in an 8-hour workday. This assessment is consistent with the evidence of record, and is given significant weight in the formulation of this opinion.

(TR 24-25). Stated succinctly, the court believes that the Administrative Law Judge addressed the subjective factors in plaintiff's case and that the Law Judge's findings of fact are supported by substantial evidence.

As a final argument, plaintiff notes that the Administrative Law Judge did not identify by work title any specific sedentary jobs which he believed that Ms. Carter could still perform.

5

However, the court concludes that the Law Judge properly determined that plaintiff suffers from only an exertional impairment, and that reference to the medical vocational guidelines was sufficient for purposes of determining her ability to perform alternate work roles. If a claimant has no nonexertional impairments that prevent her from performing the full range of work at a given exertional level, the Commissioner may rely solely on the medical vocational guidelines to satisfy his burden of demonstrating the existence of alternate jobs the claimant may perform at the fifth and final level of the sequential disability analysis set forth under 20 C.F.R. §§ 404.1520 and 416.920. Coffman v. Bowen, 829 F.2d 514, 518 (4th Cir. 1987); Gory v. Schweiker, 712 F.2d 929, 930-31 (4th Cir. 1983). Thus, the court finds no error in the Law Judge's determination that Ms. Carter retains sufficient functional capacity to perform jobs within the sedentary exertional category.

For the reasons stated above, the court concludes that the Commissioner's final decision in this case is supported by substantial evidence. It follows that the final decision of the Commissioner must be affirmed. In affirming the Commissioner's final decision, the court does not suggest that Ms. Carter is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that plaintiff has undergone a serious back operation and that she still experiences residual problems associated with scar tissue and continuing degenerative process. However, it must again be noted that no physician has suggested that Ms. Carter is disabled by virtue of her physical problems, or that she could reasonably be expected to experience such subjective manifestations as to prevent all forms of work activity. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, supra at 594-95. Once again, it appears to the court that the

Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 20th day of June, 2012.

*[Signature]*

Chief United States District Judge